UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

## Case Number:  08-14198-CIV-MARTINEZ-BROWN

REBECCA CARMODY,

      Plaintiff,

vs.

MHM SOLUTIONS, INC.,

      Defendant.

_____/

## ORDER GRANTING UNOPPOSED MOTION TO SET ASIDE DEFAULT

This cause came before the Court upon the Defendant's Unopposed Motion to Set Aside

Default **(D.E. No. 15)** on July 17, 2008.  The Defendant moves the Court to set aside the Clerk's

Default of July 8, 2008 on the ground that its failure to answer the Complaint is attributable to

excusable neglect.  The Defendant asserts that it did not receive service of process directly and as

a result, the summons and Complaint were accepted by an individual who is not employed by the

Defendant.

According to the Defendant, the facts surrounding the service of the summons

and the Complaint are as follows.  The summons and Complaint were initially received by CT

Corporation, an entity that was under express instructions to serve any legal process that it

received for the Defendant through Carolyn Lowstuter, who is the registered agent for the

Defendant's parent company, MHM Services.  (D.E. No. 15 at 1, ¶¶ 2-3).  Although CT

Corporation indicated in its Service of Process Transmittal, which is dated June 9, 2008, that it

mailed the summons and Complaint to Ms. Lowstuter via Federal Express, Ms. Lowstuter states

in an affidavit that she never received these documents.  (D.E. No. 15-2 at 1, ¶ 2).  Indeed, Ms.

Lowstuter notes that the Federal Express Tracking form which accompanied the transmittal from

CT Corporation indicates that the package was accepted by an individual who is not employed by

either the Defendant or its parent company.  (*Id.* at 2, ¶ 6).  According to Ms. Lowstuter's

affidavit, she did not learn of this action until she received a copy of the Clerk's Default that was

entered on July 8, 2008.  Once she received the Clerk's Default, however, Ms. Lowstuter states

that she promptly notified the Defendant.  (*Id.* at 3, ¶ 12).  The record shows that the Defendant's

counsel filed a Notice of Appearance in the case on July 16, 2008  (D.E. No. 11), and the

Defendant filed an Answer and Affirmative Defenses on July 17, 2008 (D.E. No. 12), shortly

before the Plaintiff filed a Motion for Default Judgment.  Thus, the Defendant asserts that it acted

with due diligence once it learned of the Complaint and asks that the Court set aside the Clerk's

Default.

The Court has carefully considered the motion and reviewed the entire record in this case.

Rule 55(c) of the Federal Rules of Civil Procedure provides that a court may set aside an entry of

default for good cause shown.  The Eleventh Circuit has noted that "excusable neglect

encompasses situations in which failure to comply with a filing deadline is due to negligence."

*Cheney v. Anchor Glass Container Corp.*, 71 F.3d 848, 850 (11th Cir. 1990).  Thus, the Eleventh

Circuit recognizes that a clerical error or miscommunication can cause a party to inadvertently

overlook a filing deadline.  *See Walter v. Blue Cross & Blue Shield United*, 181 F.3d 1198, 1202

(11th Cir. 1998) (characterizing a secretary's failure to record a filing deadline as excusable

neglect), *Cheney*, 71 F.3d at 850 (miscommunication between associate and lead attorney resulted

in delayed filing).

A court may set aside a default where: (1) the defaulting party's failure to answer the complaint is attributable to excusable neglect; (2) the defaulting party took prompt corrective action after receiving notice of the entry of default; (3) the non-defaulting party will not be prejudiced; and (4) the defaulting party has asserted a meritorious defense. *Precision Software Servs., Inc. v. Fortune Financial Sys., Inc.*, No. 98-136-Civ-FTM-17D, 1998 U.S. Dist. LEXIS 22068, at * 20 (M.D. Fla. Oct. 13, 1998).

Analyzing the Defendant's motion according to these standards, the Court finds that there is good cause to set aside the Clerk's Default. The Defendant's failure to answer the Complaint appears to be due to the clerical errors of a third party, the Defendant's mail courier service. This type of error qualifies as excusable neglect. Moreover, once the Defendant received notice of the Clerk's Default, the record shows that it promptly filed an Answer and Affirmative Defenses to the Complaint. Because the Plaintiff filed this Complaint on June 4, 2008, served the Defendant shortly thereafter on June 9, and promptly filed for entry of default when the Defendant failed to answer the Complaint within 20 days of service on June 30, the proceedings have moved along fairly quickly. Accordingly, the Defendant's tardy response has not delayed the proceedings for more than three weeks. and the Plaintiff does not object to the motion. Thus, setting aside the default is not likely to prejudice the Plaintiff or adversely impact the Court's docket. Finally, the Court notes that the Defendant has asserted a meritorious defense. *See* (D.E. No. 14). In light of the foregoing, it is:

**ORDERED and ADJUDGED** that

1. Defendant's Unopposed Motion to Set Aside Default **(D.E. No. 15)** is **GRANTED**.

2. The Clerk's Default that was entered against the Defendant on July 8, 2008 **(D.E. No.**

-3-

9) is hereby **SET ASIDE**.

DONE AND ORDERED in Chambers at Miami, Florida, July 22, 2008.

JOSE E. MARTINEZ
UNITED STATES DISTRICT JUDGE

Copies provided to:
Magistrate Judge Brown
All Counsel of Record

-4-